## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEITH CRONIN,

      Plaintiff,

                                          CASE NO.:  8:15-cv-00768-EAK-EAJ

vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Defendant.

_____ /

## DEFENDANT'S MOTION TO STAY PROCEEDINGS,
## COMPEL ARBITRATION, AND DISMISS CLASS ACTION CLAIMS

Defendant, Portfolio Recovery Associates, LLC, by and through its undersigned counsel and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C §§ 1, *et seq*., hereby moves the Court for an order staying these proceedings, compelling arbitration of Plaintiff's claims, and dismissing all class action claims, and in support thereof, states as follows:

## BACKGROUND

On or about April 1, 2015, Plaintiff filed a class action Complaint alleging that Defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., when it attempted to collect on his unpaid GE Capital Retail Bank credit card obligation relating to an account ending in 2164 (the "Account"). (Compl. ¶ 8.) However, Plaintiff's Account is governed by a Credit Card Account Agreement which includes a mandatory Arbitration Provision that Plaintiff agreed to when he chose to open and use the Account.[1] What is more, pursuant to the terms of the Arbitration Provision, Plaintiff agreed to address any issues relating to his Account on an *individual* (as opposed to a class-wide) basis. There is a strong policy under the FAA

_____

[1] The Credit Card Account Agreement references a Synchrony Bank Lowes account. GE Capital Retail Bank changed its name to Synchrony Bank in June 2014. (Sage Aff. ¶ 2.)

favoring enforcement of private agreements to arbitrate disputes, such as the agreement at issue here. *See, e.g., AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011). Accordingly, the Court should stay the proceedings in this matter, compel arbitration of Plaintiff's claims, and dismiss all class action claims with prejudice.

## STATEMENT OF RELEVANT FACTS

1.     Plaintiff's Complaint alleges that Defendant attempted to collect on the Account and that the Account was incurred primarily for personal, family, or household purposes. (Compl. ¶¶ 8-9.)

2.     By opening and using the Account, Plaintiff agreed to be bound by the terms and conditions of the Credit Card Account Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto as ***Exhibit A***.

3.     Defendant received an assignment of the Account and the original creditor's rights under the Agreement on or about March 19, 2014.

4.     The terms and conditions of the Agreement contain many provisions governing the relationship between Plaintiff and the original creditor and/or any assignee, such as Defendant. (*See* Exhibit A generally and section 3 regarding Transfer of Rights/Assignment.)

5.     Among the provisions contained in the Agreement is a mandatory Arbitration Provision which, in pertinent part, states as follows:

**RESOLVING A DISPUTE WITH ARBITRATION**

**PLEASE READ THIS SECTION CAREFULLY. IF YOU DO NOT REJECT IT, THIS SECTION WILL APPLY TO YOUR ACCOUNT, AND MOST DISPUTES BETWEEN YOU AND US WILL BE SUBJECT TO INDIVIDUAL ARBITRATION. THIS MEANS THAT: (1) NEITHER A COURT NOR A JURY WILL RESOLVE ANY SUCH DISPUTE; (2) YOU WILL NOT BE ABLE TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING; (3) LESS INFORMATION WILL BE AVAILABLE; AND (4) APPEAL RIGHTS WILL BE LIMITED.**

**• What claims are subject to arbitration**

1. If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you or any other user of your account, and us, our affiliates, agents and/or Lowe's Companies, Inc. if it relates to your account, except as noted below.

2. We will not require you to arbitrate: (1) any individual case in small claims court or your state's equivalent court, so long as it remains an individual case in that court; or (2) a case we file to collect money you owe us. However, if you respond to the collection lawsuit by claiming any wrongdoing, we may require you to arbitrate.

3. Notwithstanding any other language in this section, only a court, not an arbitrator, will decide disputes about the validity, enforceability, coverage or scope of this section or any part thereof (including, without limitation, the next paragraph of this section and/or this sentence). However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide.

**• No Class Actions**

**YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION. ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDER WHO IS NOT AN ACCOUNTHOLDER ON YOUR ACCOUNT, AND YOU AGREE THAT ONLY ACCOUNTHOLDERS ON YOUR ACCOUNT MAY BE JOINED IN A SINGLE ARBITRATION WITH ANY CLAIM YOU HAVE.**

If a court determines that this paragraph is not fully enforceable, only this sentence will remain in force and the remainder will be null and void, and the court's determination shall be subject to appeal. This paragraph does not apply to any lawsuit or administrative proceeding filed against us by a slate or federal government agency even when such agency is seeking relief on behalf of a class of borrowers, including you. This means that we will not have the right to compel arbitration of any claim brought by such an agency.

....

**• Governing Law for Arbitration**

This Arbitration section of your Agreement is governed by the Federal Arbitration Act (FAA). Utah law shall apply to the extent state law is relevant under the FAA. The arbitrator's decision will be final and binding, except for any appeal right

under the FAA. Any court with jurisdiction may enter judgment upon the arbitrator's award.

(Exhibit A.)

6.     Because Defendant received all of the original creditor's rights to the Account as assignee, Defendant received the right to enforce the Agreement and Plaintiff must arbitrate his claims.

## LEGAL ARGUMENT

### I.     The FAA.

The FAA applies to any "written provision in any…contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Section 2 of the FAA further provides that "a written arbitration provision…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." *Id.* Section 3 of the FAA states that, if a lawsuit in federal court has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. "Thus, a district court must compel arbitration and stay the underling action if the parties had an earlier agreement to arbitrate their dispute." *Losapio v. Comcast Corp.*, No. 1:10-CV-3438-RWS, 2011 WL 1497652, at *2 (N.D. Ga. April 19, 2011) (*citing* 9 U.S.C. § 3), *aff'd* 251 Fed.Appx. 602 (11th Cir. 20007) (per curium); *see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

### II.     Standard of Review: Motion to Stay and Compel Arbitration.

It is undisputable that the Agreement contains an Arbitration Provision governed by the FAA. (Exhibit A.) Therefore, the Court's inquiry on this motion is limited to (1) whether the claims at issue fall within the purview of the Arbitration Provision, and if so, (2) whether the provision is valid. *E.g.*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

In considering whether to compel arbitration, the Court must keep in mind the strong federal policy in favor of arbitration, and that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors*, 473 U.S. at 625-26; *see also*; *Seaboard Coast Line Railroad v. Trailer Train Co*., 690 F.2d 1343, 1348 (11th Cir. 1982). Indeed, "the FAA establishes a 'federal policy favoring arbitration' and requires that courts 'rigorously enforce agreements to arbitrate.'" *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). As such, arbitration clauses are to be generously construed in favor of arbitration. *Dean Witter Reynolds*, 470 U.S. at 221 ("The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires [courts to] rigorously enforce agreements to arbitrate. . . . By compelling arbitration…a district court successfully protects the contractual rights of the parties and their rights under the [FAA]").

Further, statutorily-created causes of action, such as claims under the FDCPA, "are no exception to the rule that arbitration agreements should be enforced according to their terms." *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009) (*quoting Cunningham v. Fleetwood Homes*, 253 F.3d 611, 617 (11th Cir. 2001). The Supreme Court has instructed that federal statutory claims are subject to arbitration unless Congress has expressed an intention to preclude arbitration. *See Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 26 (1991).  The

burden of establishing that Congress intended to preclude arbitration of a statutory claim rests squarely on the party seeking to avoid arbitration. *Id*. That intention can only be demonstrated through the statutory text or legislative history, or through an "inherent conflict" between arbitration and the statute's underlying purposes, keeping in mind that "questions of arbitrability must be addressed with a healthy regard for the strong federal policy favoring arbitration." *Gilmer*, 500 U.S. at 26; *see also Picard*, 564 F.3d at 1253 ("Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration").

Federal courts, including the Middle District of Florida, have confirmed that Congress did not intend for FDCPA claims to be non-arbitrable and have routinely compelled arbitration of FDCPA claims. *See, e.g.*, *In re Taylor*, 260 B.R. 548, 563 (Bkrtcy. M.D. Fla. 2000) (enforcing arbitration of FDCPA claim encompassed within broad arbitration clause); *Bolanos v. First Investors Servicing Corp.*, 2010 WL 4457347 (SD Fla. 2010) (compelling arbitration of FDCPA claims between a debtor and a creditor in a motor vehicle sales transaction where the contract with the arbitration provision had been assigned to third party by the original creditor.) *Wilder v. Midland Credit Management*, No. 1:09-CV-2039-JOF/AJB, 2010 WL 2499701, at *4 (N.D. Ga. May 20, 2010) (compelling arbitration of FDCPA claims based on arbitration provision in credit card agreement); *Hodson v. Javitch, Block & Rathbone, LLP*, 531 F.Supp.2d 827, 831 (N.D. Ohio 2008) ("Congress did not intend FDCPA claims to be non-arbitrable. Courts routinely permit arbitration of such claims"); *Miller v. Northwest Trustee Services, Inc.*, No. CV-05-5043-RHW, 2005 WL 1711131, at n. 4 (E.D. Wash. July 20, 2005) ("Neither the text of the FDCPA, its legislative history, nor an examination of the FDCPA's underlying purpose reveals any indication that Congress intended to preclude FDCPA claimants from resolving their disputes in arbitration"); *Athon v. Direct Merchants Bank,* No. 5:06-CV-1 (CAR), 2007 WL 1100477, at *2

(M.D. Ga. April 11, 2007) (compelling arbitration of FDCPA claim), *aff'd* 251 Fed.Appx. 602 (11th Cir. 2007) (per curium).

### III.   The Court Should Compel Arbitration Because Plaintiff's Claims Fall Squarely Within the Scope of the Mandatory Arbitration Provision and Plaintiff Agreed To It.

Plaintiff's Complaint specifically alleges, and is required to allege in order to state a claim under the FDCPA, that he made purchases on the Account for personal, family, or household purposes. (*See* Compl. ¶ 9.)[2] It is undisputable that, by opening and using the Account, Plaintiff agreed to be bound by the terms and conditions of the Agreement, including the Arbitration Provision.

The Arbitration Provision provides that Defendant (as assignee) may compel arbitration on any claim that "relates to" the Account. (Exhibit A.) Here, Plaintiff's Complaint alleges that Defendant violated the FDCPA by attempting to collect on the Account. Clearly, Plaintiff's claims "relate to" the Account, and therefore fall within the broad purview of arbitrable claims as defined by the Arbitration Provision. *E.g.*, *Bolanos*, 2010 WL 4457347 at 2 (holding that FDCPA claim clearly related to the contract in question because plaintiff needed contract to establish that consumer debt was at issue.), *Athon*, 2007 WL 1100477, at *5 ("[T]here is no doubt that all of Plaintiff's [FDCPA] claims relate to the HSBC credit card account, and are, therefore, subject to the Arbitration Agreement"); *Wilder*, 2010 WL 2499701, at *4 ("Since Plaintiff's [FDCPA] claims relate to her credit account which was purchased/serviced by Defendant, the Court concludes that Plaintiff's claims are covered by the broad language of the Arbitration Rider"); *see also Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008); *Koch v. Compucredit Corp.*, 543 F.3d 460, 466-67 (8th Cir. 2008). Accordingly, the

---

[2] A "debt" under the FDCPA is an obligation that was incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Court should stay these proceedings and compel arbitration of Plaintiff's FDCPA claims as required under the FAA.

**IV.     Plaintiff's Claims Must Proceed to Arbitration on an Individual Basis; Therefore, the Court should dismiss Plaintiff's Class Claims.**

Pursuant to the terms of the Arbitration Provision, Plaintiff expressly waived his right to assert claims against Defendant on a class basis:

• **No Class Actions**

**YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION. ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDER WHO IS NOT AN ACCOUNTHOLDER ON YOUR ACCOUNT, AND YOU AGREE THAT ONLY ACCOUNTHOLDERS ON YOUR ACCOUNT MAY BE JOINED IN A SINGLE ARBITRATION WITH ANY CLAIM YOU HAVE.**

(Exhibit A.)

It is well-settled that class action waivers like the one contained in the Arbitration Provision are valid and enforceable. *See, e.g.*, *AT&T Mobility*, 131 S.Ct. at 1753; *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1215-16 (11th Cir. 2011) (class action waiver in arbitration provision of the parties' wireless agreement was enforceable); *Gipson v. Cross Country Bank*, 294 F.Supp.2d 1251 (M.D. Ala. 2011) (inclusion of class action waiver in credit card agreement's arbitration clause did not render it unenforceable); *Day v. Persels & Assocs., LLC*, No. 8:10-CV-2463-T-33TGW, 2011 WL 1770300, at *5 (M.D.Fla. May 9, 2011) (arbitration agreement with class action waiver not unconscionable). Indeed, the Eleventh Circuit and this Court have found that there is nothing unconscionable about an arbitration agreement that precludes class actions. *See, e.g.*, *Cruz*, 648 F.3d at 1215-16; *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005).

As noted above, the claims raised in the Complaint are covered by the broad language of the Arbitration Provision. Therefore, all of Plaintiff's class action claims are barred by the Arbitration Provision he agreed to by opening and using his Account. Under the plain language of the Agreement, a party is barred from participating in a class action upon the other party's invocation of the Arbitration Provision.

The Court should strictly enforce the class action waiver provision in this matter.   In doing so, the Court should dismiss Plaintiff's class action FDCPA claims with prejudice. *See, e.g.*, *Randolph v. Green Tree Financial Corp. – Alabama*, 244 F.3d 814 (11th Cir. 2001) (affirming district court's staying and compelling of arbitration and dismissal of class action claims).

## CONCLUSION

WHEREFORE, Defendant respectfully request this Court enter an order staying this action and compelling arbitration of Plaintiff's claims in accordance with the FAA and the mandatory Arbitration Provision, dismissing Plaintiff's class action claims with prejudice, and granting Defendant such other and further relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 13, 2015 the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

> J. Andrew Meyer, Esq.
> Ian R. Leavenbood, Esq.
> Gregory H. Lercher, Esq.
> LeavenLaw
> 3900 First Street North, Suite 100
> St. Petersburg, FL 33703
> ileavengood@leavenlaw.com
> ameyer@leavenlaw.com
> glercher@leavenlaw.com

> *s/John P. Gaset*
> Robert E. Sickles
> Florida Bar No. 167444
> rsickles@hinshawlaw.com
> John P. Gaset
> Florida Bar No. 98415
> jgaset@hinshawlaw.com
> **HINSHAW & CULBERTSON LLP**
> 100 South Ashley Drive, Suite 500
> Tampa, FL 33602-5301
> Telephone: (813) 276-1662
> Facsimile: (813) 276-1956
> *Attorneys for Defendant*