UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH CRONIN, on behalf of himself
and others similarly situated,

    Plaintiff,

v.                                                                          Case No.: 8:15-cv-00768-EAK-EAJ

PORTFOLIO RECOVERY ASSOCIATES,
LLC, a foreign limited liability company,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATON OF ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS, COMPEL ARBITRATION, AND DISMISS CLASS ACTION CLAIMS

The matter comes before the Court pursuant to Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Stay Proceedings, Compel Arbitration, and Dismiss Class Action Claims, (Doc. 28), and Plaintiff's Response in Opposition. (Doc. 31). The Court views Defendant's Motion for Reconsideration as a Renewed Motion to Stay Proceedings, Compel Arbitration, and Dismiss Class Action Claims. That motion is **GRANTED**, and Plaintiff's class action claim is **DISMISSED**.

## BACKGROUND

Plaintiff, Keith Cronin, filed his Class Action Complaint against Defendant, Portfolio Recovery Associates, LLC ("PRA"), with this Court on April 1, 2015. (Doc. 1). PRA then filed a Motion to Stay Proceedings, Compel Arbitration, and Dismiss Class Action Claims ("Motion to

Compel"), (Doc. 8), which the Court denied. (Doc. 27). PRA then filed a Motion for Reconsideration of the Court's Order denying its previous motion. (Doc. 28).

Plaintiff claims that PRA violated Section 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by failing to disclose that certain letters that it sent to debtors were being used for debt collection purposes. PRA moved to compel arbitration and dismiss Plaintiff's class action claims pursuant to an arbitration agreement ("Arbitration Agreement") and class action waiver ("Class Action Waiver") that accompanied Plaintiff's account. The Arbitration Agreement provides that a claim must be arbitrated if it "relates to [Plaintiff's] account." (Doc. 8, at 3). The Class Action Waiver provides that Plaintiff cannot bring or take part in any class action claims in court or arbitration. (Doc. 8, at 3).

PRA alleges that it purchased all right and title to Plaintiff's account from GE Capital Retail Bank, with whom Plaintiff originally opened a credit card account, and that it is therefore entitled to enforce the Arbitration Agreement and Class Action Waiver. Plaintiff opposes arbitration on the grounds that the Arbitration Agreement was invalid, PRA cannot prove that it had received an assignment of Plaintiff's account, and Plaintiff's FDCPA claim is outside the scope of the Arbitration Agreement. For those same reasons, Plaintiff also contests the enforceability of the Class Action Waiver.

In denying PRA's Motion to Compel, this Court found that the Arbitration Agreement is enforceable, but that PRA had not shown that it had been assigned Plaintiff's account. The Court did not reach the issues of the Arbitration Agreement's scope or the enforceability of the Class Action Waiver.

## LEGAL STANDARDS

PRA moves for reconsideration under Federal Rule of Civil Procedure 60. However, the Court will view that motion as a Renewed Motion to Stay Proceedings, Compel Arbitration, and Dismiss Class Action Claims. The Federal Arbitration Act (FAA) provides that written arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity. 9 U.S.C. § 2. The United States Supreme Court has stated that there is a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). In furthering this policy courts must "rigorously enforce agreements to arbitrate." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).

When there is a dispute over the enforceability or applicability of an arbitration agreement, it is the court's place to resolve the disagreement. Solymar Investments, Ltd. v. Banco Santander S.A., 672 F.3d 981, 990 (11th Cir. 2012). In doing so, the court undertakes a two-step inquiry. Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004). The first step requires the court to "determine whether the parties agreed to arbitrate the dispute," and the second step "involves deciding whether 'legal constraints external to the parties' agreement foreclose[] arbitration.'" Id. (quoting Mitsubishi Motors, 473 U.S. at 628).

## DISCUSSION

The crux of this Court's Order denying PRA's original Motion to Compel was PRA's failure to show that it had in fact received an assignment of Plaintiff's account, in line with our sister court's ruling in Matute v. Main St. Acquisition Corp., No. 11-CV-62375, 2012 WL 4513420, at *2 (S.D. Fla. Oct. 2, 2012). In Matute the District Court for the Southern District of Florida denied the defendant's motion to compel arbitration on the ground that the defendant had

not shown that it had been assigned the subject account and therefore had the right to enforce the account's accompanying arbitration agreement. In this case, this Court found the facts to be nearly identical, with PRA likewise attempting to enforce an arbitration agreement pursuant to an assignment that it had not shown it had received. Accordingly, the Court denied the Motion to Compel.

However, with its subsequent Motion for Reconsideration, PRA has attached a Bill of Sale pertaining to Plaintiff's account, the validity of which Plaintiff has not contested, along with a sworn affidavit from the PRA employee responsible for executing the sale, Chris Graves, confirming its legitimacy and providing supplementary details. Mr. Graves states that on March 19, 2014, PRA purchased a large pool of charge-off accounts from GE Capital Retail Bank, and as part of that transaction "PRA purchased all right and title to Plaintiff's account number xxxx-xxxx-xxxx-2164." (Doc. 28-1, ¶¶ 6–7). Had this been presented to the Court along with PRA's Motion to Compel, it would have satisfied the Court's concern regarding PRA's ownership of Plaintiff's account and its subsequent right to collect the associated debt, and the Court would have granted the motion. The court in <u>Matute</u> denied the defendant's motion to compel arbitration without prejudice, and this Court notes that its denial of PRA's original Motion to Compel was likewise without prejudice.

Accordingly, in the interests of justice, and following the United States Supreme Court's mandate that courts liberally construe and rigorously enforce valid arbitration agreements, this Court will view PRA's Motion for Reconsideration as a Renewed Motion to Stay Proceedings, Compel Arbitration, and Dismiss Class Action Claims and grants that renewed motion. The Court is cognizant of the Eleventh Circuit's ruling in <u>Mays v. U.S. Postal Serv.</u> that a court should not grant a motion for reconsideration on the basis of newly presented evidence that was

available to the presenting party at the time of the original motion. 122 F.3d 43, 46 (11th Cir. 1997). However, applying that rule to this case and ignoring the evidence that has now been presented to the Court would lead to an unjust result. For that reason the Court declines to view the Motion for Reconsideration as such and instead views it as a renewed motion to compel arbitration.

The Court denied PRA's original Motion to Compel because the sworn affidavit from PRA's custodian of records asserting that it had purchased Plaintiff's account did not conclusively establish that an assignment had occurred and that PRA, therefore, had the right to invoke the Arbitration Agreement. However, PRA has now provided the additional documentation to cure that deficiency, as Mr. Graves' affidavit and the accompanying Bill of Sale show that PRA did in fact receive an assignment of Plaintiff's account. That being the case, the Court now rules that an assignment did occur and that PRA is entitled to enforce the Arbitration Agreement that this Court has already found to be valid and enforceable. See Doc. 27 at 5.

After determining that PRA has the right to enforce the Arbitration Agreement, the Court must address two issues that it did not reach in its previous Order. First, Plaintiff argues that the Class Action Waiver is unenforceable for the same reason as the Arbitration Agreement (i.e. PRA had not received an assignment of Plaintiff's account). As discussed above, the Court finds that PRA did receive an assignment of Plaintiff's account, and for the same reason that PRA is entitled to enforce the Arbitration Agreement it is likewise entitled to enforce the Class Action Waiver.

Second, Plaintiff contends that his FDCPA claim against PRA does not "relate to" his account and, therefore, does not fall within the scope of the Arbitration Agreement. Plaintiff

essentially argues that allegedly improper efforts to collect a debt do not relate to the credit agreement that created the debt. However, the Court finds that PRA's alleged violations, if true, are the direct result of Plaintiff's contractual duties and would therefore relate to Plaintiff's account and fall within the scope of the Arbitration Agreement.

The Eleventh Circuit has held that a claim "relates to" a contract if the dispute giving rise to the claim "occurs as a fairly direct result of the performance of contractual duties" and if there is "some direct relationship" between the dispute and the contract. Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335, 1340–1341 (11th Cir. 2012). This Court has previously ruled that a dispute over debt collection practices relates to the contract that created the debt. In Levinson v. Green Tree Servicing, LLC, the Court held that the defendant's attempts to collect a debt, which the plaintiff alleged violated the FDCPA, related to the plaintiff's contractual obligations to make payments in accordance with the credit agreement. No. 8:14-CV-02120-EAK, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015); see also Wilder v. Midland Credit Mgmt., No. CIVA109CV2039JOFAJB, 2010 WL 2499701, at *4 (N.D. Ga. May 20, 2010), report and recommendation adopted, No. CIVA109CV02039JOFAJB, 2010 WL 2499659 (N.D. Ga. June 15, 2010) (ruling that FDCPA claim related to underlying credit agreement).

The relevant facts in this case are essentially the same. Plaintiff alleges that PRA violated the FDCPA in its attempts to collect his debt. As in Levinson, the Court here rules that PRA's allegedly improper attempt to collect Plaintiff's debt relates to Plaintiff's account and falls within the scope of the Arbitration Agreement. Accordingly, it is

**ORDERED** that PRA's Renewed Motion to Compel Arbitration is **GRANTED** and Plaintiff's class action claim is **DISMISSED**. The Clerk of Court is directed to administratively

close this case pending the outcome of the arbitration. The parties shall file a status report in this case every six months, starting October 28, 2016.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 29th day of April, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record